COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Clements and McClanahan
Argued at Richmond, Virginia


WENDALL VACCARO McNEAL, S/K/A
  WENDELL V. McNEAL
                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0668-04-2              JUDGE RUDOLPH BUMGARDNER, III
                                                   MARCH 29, 2005
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                            Frederick G. Rockwell, III, Judge

              William P. Irwin, V (Bowen, Champlin, Carr & Rockecharlie, on
              brief), for appellant.

              Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
              Attorney General, on brief), for appellee.


        Wendall V. McNeal was convicted of possession of cocaine with intent to distribute and

possession of a firearm while in possession of cocaine.  He maintains that the police seized the

drugs without probable cause and that the evidence was insufficient to prove possession with

intent to distribute.

        The defendant concedes the police lawfully stopped the car in which he was the front-seat

passenger known as Todd.  For the reasons stated in the companion case Fraierson v.

Commonwealth, No. 1147-04-2 (March 29, 2005), this day decided, we affirm on the first issue

raised in this appeal.  The police developed probable cause before they arrested or searched the

defendant.

<hr>

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth and grant to it all reasonable inferences fairly deducible therefrom. Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). We also "examine the evidence that tends to support the conviction and to uphold the conviction unless it is plainly wrong or without evidence to support it." McCain v. Commonwealth, 261 Va. 483, 492-93, 545 S.E.2d 541, 547 (2001).

A confidential informant approached the Chesterfield County Police with an offer to exchange information for leniency on two pending charges. Officer Henderson determined that the informant was "very knowledgeable" regarding the use and sale of drugs. The informant told the police about a black male, approximately 6 feet tall weighing about 160 pounds named "Todd" who sold drugs. He arranged to buy $100 of crack cocaine from Todd at a particular Chevron gas station. The informant advised that Todd would arrive in an older model tan Pontiac Bonneville, and he provided the police with the cell phone number that he used to contact Todd.

On the day of the arranged buy, the informant accompanied Officer Gordon to the gas station. They parked within sight of the station but remained in the police vehicle. The informant contacted Todd several times by cell phone. After about 40 minutes, while talking on the phone to Todd, the informant relayed the message to Officer Gordon that Todd said, "I am pulling into the lot now." As he spoke, a brown Pontiac Bonneville pulled onto the parking lot of the Chevron station. It contained two passengers in addition to the driver. The informant later identified the passenger in the front seat as Todd, the defendant.

The police recovered .143 grams of powder cocaine and 2.182 grams of solid cocaine inside the defendant's underwear. They were packaged in two plastic bags found inside a larger plastic bag that contained 1.04 grams of marijuana. The defendant had $220 in the pocket of his

sweatpants, "folded in hundred dollar increments," a twenty-dollar bill in his back pocket, and $52 in his front left pocket. The police recovered a handgun, which the defendant admitted was his, under his seat.

The factors to consider in determining whether a suspect possessed drugs with the intent to distribute include "the quantity of the drugs seized, the manner in which they are packaged, and the presence of an unusual amount of cash, equipment related to drug distribution, or firearms." McCain, 261 Va. at 493, 545 S.E.2d at 547. In this case, an informant arranged to buy cocaine from Todd at a specific time, date, and place. While announcing his arrival at the scene by telephone, Todd arrived in the precise manner expected. The defendant possessed a quantity of cocaine inconsistent with personal use, a large amount of cash, and a firearm. He was present precisely as arranged, ready, and able to sell cocaine. The evidence permitted the reasonable inference that the defendant was willing to do so; that is, he intended to do so. Accordingly, we affirm.

Affirmed.